**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4725**

———————

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

   v.

SHAUNDA SHENAL MCADOO,

       Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:10-cr-00238-RJC-3)

———————

Submitted: May 31, 2016          Decided: July 7, 2016

———————

Before DUNCAN, FLOYD, and HARRIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

J. Edward Yeager, Jr., Cornelius, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shaunda Shenal McAdoo appeals the district court's judgment revoking her supervised release and sentencing her to six months of imprisonment and two years of supervised release thereafter. On appeal, McAdoo contends that the district court clearly erred by finding that she committed three Grade C violations of the terms of her supervised release and that her six-month term of imprisonment was plainly unreasonable. We affirm.

To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). This standard is met when the court "believe[s] that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted). We review a district court's ultimate decision to revoke supervised release for an abuse of discretion, reviewing the court's factual findings underlying a revocation for clear error, and find none. See United States v. Padgett, 788 F.3d 370, 373 (4th Cir. 2015). Here, McAdoo admitted her three Grade C violations at her revocation hearing.

Regarding McAdoo's sentence, a district court has broad discretion when imposing a sentence upon revocation of

2

supervised release.  United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013).  We will affirm a sentence if it is within the statutory maximum and not plainly unreasonable.  United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006).  Only if we conclude that the sentence is unreasonable must we decide whether it is plainly so.  United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007).  We presume that a sentence within the Chapter Seven policy statement range is reasonable, Webb, 738 F.3d at 642, and our review of the record reveals that McAdoo's sentence is both within the statutory maximum and the policy statement range (of three to nine months) for her Grade C violations, and that she fails to rebut the presumption that the sentence was reasonable.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3